IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-41545
Summary Calendar

_____

KENNY TIMMONS,

Plaintiff-Appellant,

versus

SPECIAL INSURANCE SERVICES, INC., ET AL.,

Defendants,

AMERICAN MEDICAL SECURITY; ROBERT J. HALL;
UNITED WISCONSIN LIFE INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas, Beaumont
USDC No. 1:96-CV-476

_____

December 21, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff Kenny Timmons appeals a take-nothing judgment in his suit to recover unpaid medical benefits under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Finding no error, we affirm.

The district court ruled that because Sibon terminated its self-funded employee benefits plan on November 30, 1996, there

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

existed no plan for Timmons to proceed against under the ERISA. The district court further ruled that Sibon, the employer and sponsor of the plan, was not a fiduciary and therefore had breached no fiduciary duty under the ERISA. Consequently, the district court held that Sibon was not liable for Timmons's medical expenses submitted for payment after the plan's termination, notwithstanding that the expenses were incurred prior to that time. For the same reasons, the district court refused to impose liability on John Hall, Sibon's alter ego. Finally, the district court concluded that even if the plan administrator, American Medical Security ("AMS"), had breached its fiduciary duty, the breach neither caused Sibon to terminate the plan and, thus, did not cause the lost medical benefits that Timmons now sues for. Finding no ERISA violation, the district court granted judgment in favor of AMS, Sibon, and its alter ego Hall.

On appeal, Timmons contends that the district court erred when it concluded that Hall had not breached its fiduciary duty under the ERISA. Relying on Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Services Fund and Annuity Fund v. Lollo, 35 F.3d 29, 36 (2d Cir. 1994), Timmons maintains that even absent a fiduciary breach, Hall is liable for his unpaid medical expenses incurred prior to the plan's termination.

We review the district court's findings of fact under a clearly erroneous standard. Fed.R.Civ.P. 52(a). With respect to

2

the district court's legal conclusions, we conduct a de novo review. Reich v. Lancaster, 55 F.3d 1034, 1045 (5th Cir. 1995).

As a general rule, ERISA permits suits to recover benefits only against the plan as an entity, and suits for breach of a fiduciary duty only against the fiduciary. An employer becomes an ERISA fiduciary when it exercises any discretionary authority or control respecting management of the plan, the administration of the plan, or the disposition of the plan's assets. Id. at 1046 (internal citations and quotations omitted). To establish a claim of breach of the fiduciary duty against an employer, an ERISA plaintiff must prove a breach of the fiduciary obligation and a prima facie case of loss under the plan. McDonald v. Provident Indemnity Life Insurance Co., 60 F.3d 234, 237 (5th Cir. 1995). "Once the plaintiff has satisfied these burdens, 'the burden of persuasion shifts to the fiduciary to prove [there exists no causal connection between the breach and the plaintiff's loss under the plan].'" Id.

Applying these standards, there exists no evidence in the record that Sibon, or its alter ago Hall, exercised any discretionary authority regarding the management of its self-funded benefits plan or the distribution of the plan's assets. Second, the district court's conclusion that Sibon terminated the plan because it was going out of business, and not in reliance on AMS's purported misstatements, is fully supported by the record and, therefore, is not clearly erroneous. Finally, while it is true

that Sibon made the decision to terminate the plan, this act is not sufficient within itself to impute fiduciary status on the employer, nor its alter ego. See Reich, 55 F.3d at 1048 (mere influence alone over a plan does not transmute one into a fiduciary).

Timmons's reliance on Cement is misplaced. First, Cement is limited in application to enforcement actions by fiduciaries under § 1145 of the ERISA. Cement, 35 F.3d at 36. Quite differently, Timmons is a beneficiary seeking to recover unpaid medical expenses under § 1132 of the Act. Second, even in its limited application, the right to recover under Cement is quite narrow. Cement permits fiduciaries to recover ERISA contributions from an employer only where the employer had a preexisting obligation to make the contributions, which arose from a source external to the ERISA. Id. at 36-37. Such is not the case before us. Indeed, Cement makes it clear that absent a breach of fiduciary duty, or a preexisting contractual obligation, an individual is not liable for ERISA contributions solely by virtue of his role as a corporate officer. Id. at 33.

The district court has written an extensive, comprehensive, and well-reasoned opinion, with respect to which we can find no error material to this appeal. We agree that on this record, there simply is no basis for imposing ERISA liability on any of the appellees. The judgment of the district court is therefore

A F F I R M E D.

4